UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VOLMAR CONSTRUCTION INC.,

Plaintiff,

v.

ALTAGRACIA HAULAGE & CONTRACTING
LLC and KIANTAE MULLEN HEILMANN,

Defendants.

No. 25-CV-3301 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On September 8, 2025, Plaintiff filed a motion for default judgment, Dkt. 32, which is now pending before the Court. Plaintiff, however, has failed to file a memorandum of law in support of that motion, and therefore failed to comply with Local Rule 7.1(a)(2), which requires that all motions other than letter-motions must include "[a] memorandum of law, setting forth the cases and other authorities relied on in support of the motion." Local Rule 55.2 further provides that "any party seeking a default judgment must file . . . if proceeding by motion, the papers required by Local Civil Rule 7.1, including a memorandum of law . . . ."

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Bhagwat v. Queens Carpet Mall, Inc.*, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017). "Plaintiffs' failure to submit a memorandum of law is not a harmless procedural defect. The Court relies on such memoranda to determine whether the plaintiff's allegations state a claim for relief, particularly in a default judgment where the Court does not have the benefit of oppositional briefing on liability and relief." *JC Hosp. v. Hochberg*, 2024 WL 4904682, at *2 (S.D.N.Y. Nov. 27, 2024). "[F]ailure to submit a memorandum of law, standing alone, is sufficient cause" for denying the motion. *See E. 65 St. Realty Corp. v. Rinzler*, 2000 WL 303279, at *2 (S.D.N.Y. Mar. 22, 2000) (collecting cases).

Accordingly, the Court denies Plaintiff's motion without prejudice and with leave to renew.

The Clerk of Court is respectfully directed to close the motion pending at Dkt. 32.

SO ORDERED.

Dated:  May 18, 2026
         New York, New York

Hon. Ronnie Abrams
United States District Judge